IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD DAVID JONES,

    Plaintiff,

vs.                                            Case No. 4:18cv41-MW/CAS

GADSDEN COUNTY SCHOOLS,
and the HEART TO HEART
CHRISTIAN ACADEMY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983 against the Gadsden County Schools and the Heart to Heart Christian Academy. Plaintiff's amended complaint has been reviewed to determine if it is sufficient to state a claim such that service should be directed.

Plaintiff alleges that he was hired as a substitute teacher in September 2017 by the Gadsden County Schools. ECF No. 6 at 2. The following month, Plaintiff applied for a teaching position within the Gadsden County School system at the Heart to Heart Christian Academy. *Id.*

Plaintiff alleges that he was offered a position on a Friday afternoon in November, and was told that he could begin working on the following Monday. *Id.* Plaintiff alleges that he worked on that Monday from 9:00 a.m. to 3:00 p.m., an unidentified person called Plaintiff and told him that he "could not work in that position." *Id.* Plaintiff was also informed that he would not be paid for that day. *Id.* Plaintiff seeks "unspecified monetary damages" and asserts a claim for "retaliation." *Id.* at 3.

Title VII and § 1983 prohibits "employers from discriminating against an employee based on [his] opposition to an unlawful employment practice." 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 1983; Williams v. Fla. Atl. Univ., No. 17-12546, 2018 WL 1566526, at *3 (11th Cir. Mar. 30, 2018). To state a prima facie claim for retaliation under § 1983 by an employer, Plaintiff must show that (1) he "engaged in statutorily protected activity;" (2) he "suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." Chapter 7 Trustee v. Gate Gourmet, Inc., 683 F.3d 1249, 1258 (11th Cir. 2012) (quoted in Williams, 2018 WL 1566526, at *3); *see also* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2410-16, 165 L.Ed.2d 345 (2006) (quoted in Goldsmith v. Bagby Elevator Co., 513 F.3d

Case No. 4:18cv41-MW/CAS

1261, 1277 (11th Cir. 2008)).  Here, Plaintiff's amended complaint does not demonstrate that Plaintiff engaged in any protected activities or complained about an unlawful employment practice.  Plaintiff's amended complaint does not include any facts which suggest, even if Plaintiff *had* engaged in statutorily protected activities, that any decision maker was aware of that conduct.  Moreover, Plaintiff does not allege any connection between his conduct and that of the employer.  Indeed, Plaintiff's allegations are insufficient to reveal which of the two named Defendants determined that Plaintiff could not be retained in the position.  Because Plaintiff does not include any facts which reveal a basis for a retaliation claim, this complaint should be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2018.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.